# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE CHATTANOOGA DIVISION

| | |
|---|---|
| JASMINE CAL, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | |
| K-VA-T FOOD STORES, INC., ) | JURY DEMAND |
| ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |

## COMPLAINT

## I. INTRODUCTION

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991; the Pregnancy Discrimination Act, Section 701(k); and the Pregnant Workers Fairness Act (PWFA), 42 U.S.C. Sections 1981 and 1981a. Through supplemental jurisdiction, the Court's jurisdiction extends over the related state law claims in violation of the Tennessee Pregnant Workers Fairness Act, T.C.A. § 50-10-101, *et. seq*.

## II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343,

1

2201 and 2202. Venue is proper in the Eastern District of Tennessee under 28 U.S.C. §1391(b), and the Southern Division pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f).

3. Plaintiff, Jasmine Cal, (hereinafter "Plaintiff") has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff timely filed her initial charge of discrimination on July 3, 2024, which was within 180 days of the occurrence of the last discriminatory acts she endured. Plaintiff is filing this lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the Equal Employment Opportunity Commission, which was issued on November 15, 2024.

### III. PARTIES

4. Plaintiff, Jasmine Cal, (hereinafter "Plaintiff") is a citizen of the United States and a resident of the State of Tennessee and is over nineteen (19) years of age.

5. Defendant, K-VA-T FOOD STORES, INC., (hereinafter "Defendant") is an entity subject to suit under Title VII and employs at least fifteen (15) persons.

### IV. FACTUAL ALLEGATIONS

6. Plaintiff is a woman who was interviewed and selected for the Fuel Clerk position on June 13, 2024.

7. Plaintiff was interviewed by Michelle Price, the Human Relations Coordinator.

8. Plaintiff informed Price that she was pregnant and that her pregnancy would

likely be high risk, as Plaintiff's previous pregnancies were high risk, on June 13, 2024, during her interview.

9. Price told Plaintiff that her pregnancy would not be an issue and to bring a doctor's note with her accommodations when Plaintiff came for her orientation.

10. On June 27, 2024, Plaintiff went to the store for her scheduled orientation.

11. Plaintiff brought her doctor's note with her requested accommodations: "no lift/pulling/pushing over 20 pounds, if standing for 2 hours, will need to sit and rest for 15 minutes and if sitting for 2 hours, will need to stand and walk for 15 minutes."

12. Conner Parrish, the Designated Assistant Manager, took Plaintiff's doctor's note, and he gave the doctor's note to Price.

13. After speaking with Price, Parrish came back with Plaintiff's doctor's note in hand and gave it back to Plaintiff. Parrish stated that "with these restrictions, there is not much we can do. Let us know if things change, and what not. As of right now we cannot accommodate you."

14. On June 27, 2024, Defendant terminated Plaintiff.

15. Plaintiff was terminated because of her pregnancy.

16. Defendant's articulated reason for terminating Plaintiff is not legitimate, and Defendant's stated reasons are a pretext created to hide the fact that it terminated Plaintiff because she was pregnant.

3

17. In the alternative, even if Defendant had a legitimate reason for terminating Plaintiff, her sex/pregnancy remained at least a motivating factor in the adverse employment actions Defendant took against her.

18. Defendant, by and through its agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

19. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, liquidated, compensatory and punitive damages is her only means of securing adequate relief.

20. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V. CAUSES OF ACTION

### A. COUNT I – Sex/Pregnancy Discrimination Termination

21. Defendant discriminated against Plaintiff based on her sex/pregnancy by terminating her.

22. Defendant's articulated reasons for these adverse employment actions described in the facts of this complaint are not legitimate; in the alternative, Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating her, sex/pregnancy was at least a motivating

4

factor in the adverse employment actions Defendant took against her.

23. Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

24. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and the damages sought in this complaint are her only means of securing adequate relief.

25. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**B.     COUNT II – Violation of the Pregnant Workers Fairness Act by Failing to Reasonably Accommodate Plaintiff and Taking Adverse Employment Actions Against Plaintiff**

26. Defendant refused to provide reasonable accommodations related to plaintiff's pregnancy.

27. Defendant refused to accommodate Plaintiff's reasonable accommodations: no lifting/pulling/pushing over 20 pounds, if standing for 2 hours, to sit and rest for 15 minutes and if sitting for 2 hours, to stand and walk for 15 minutes.

28. Defendant cannot demonstrate that accommodating Plaintiff would impose an undue hardship on the operation of its business.

29. Defendant refused to engage in the interactive process with Plaintiff to determine a reasonable accommodation for her pregnancy.

30. Defendant took adverse employment actions against Plaintiff on the account of Plaintiff requesting a reasonable accommodation for her pregnancy including terminating Plaintiff's employment.

31. Defendant's rejection of Plaintiff's request for accommodations, which led to her termination, violated the Pregnant Workers Fairness Act.

32. As a result of Defendant's failure to accommodate, Plaintiff has suffered monetary damages including lost wages, and non-economic compensatory damages including, pain, humiliation, mental anguish, and suffering.

### C. COUNT III – Tennessee Pregnant Workers Fairness Act

33. Plaintiff brings this Count pursuant to the Tennessee Pregnant Workers Fairness Act ("TPWFA").

34. Plaintiff required a reasonable accommodation as a result of her pregnancy.

35. Defendant terminated Plaintiff because she utilized a reasonable accommodation arising from and relating to her pregnancy.

36. As a direct and proximate result of the actions of Defendant set forth herein, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and anguish.

37. As a direct and proximate result of Defendant's actions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

## VI. DAMAGES

38. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

39. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of Defendant's unlawful conduct.

40. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for reinstatement into her manager job or front pay if reinstatement is not possible, backpay, declaratory judgment, injunctive relief, liquidated damages, compensatory damages and punitive damages is her only means of securing adequate relief.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at

Defendant's request from continuing to violate Title VII.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement into the position she would have held absent discrimination, backpay, front pay if reinstatement is not possible, declaratory judgment, injunctive relief, and liquidated, compensatory and punitive damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses and post judgment interest.

**Plaintiff Demands a Trial by Struck Jury on All Issues Triable by a Jury.**

Dated: 02/12/2025

Respectfully submitted,

/s/ Daniel Arciniegas
Arciniegas Law PLLC
256 Seaboard Lane
Suite E-105
Franklin, TN 37067
629-777-5339

Jon C. Goldfarb (*pro hac vice pending*)
L. William Smith (*pro hac vice pending*)
Christina M. Malmat (*pro hac vice pending*)
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC.
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

Counsel for Plaintiff