# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| JASMINE CAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-CV-00046-CEA-MJD |
| | ) |
| K-VA-T FOOD STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT K-VA-T FOOD STORES, INC.
## ANSWER AND DEFENSES

Defendant K-VA-T Food Stores, Inc. d/b/a Food City ("Food City"), by undersigned counsel, responds to the Complaint and submits its defenses, as follows:

## I. INTRODUCTION

1. Food City admits that Plaintiff purports that this is an action for declaratory judgment, equitable relief, and money damages. Food City admits that Plaintiff purports to assert claims under the referenced statutes. Food City admits that the Court has jurisdiction over these claims. Food City denies that it discriminated against Plaintiff based on any protected characteristic. Food City denies that Plaintiff has sustained damages that would entitle her to any relief, monetary, or otherwise. Food City denies that it has engaged in any conduct that would give rise to liability or necessitate a claim in this Court or any other.

## II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. Food City admits that venue is appropriate in this Court. Food City admits that this Court has jurisdiction over these claims. Food City denies, however, that Plaintiff has sustained damages that would entitle her to any relief, monetary, or otherwise. Food City denies that

1

it has engaged in any conduct that would give rise to liability or necessitate a claim in this Court or any other.

3. The allegations in Paragraph 3 are a statement of law to which no response is required.

### III. PARTIES

4. Admitted upon information and belief.

5. Food City admits that it employs at least fifteen (15) employees. The remaining allegations in Paragraph 5 are a statement of law to which no response is required. Food City denies that it discriminated against Plaintiff based on any protected characteristic. Food City denies that Plaintiff has sustained damages that would entitle her to any relief, monetary, or otherwise. Food City denies that it has engaged in any conduct that would give rise to liability or necessitate a claim.

### IV. FACTUAL ALLEGATIONS

6. Food City admits upon information and belief that Plaintiff is a woman. Food City admits that Plaintiff was interviewed and selected for a Fuel Clerk position on June 13, 2024.

7. Food City admits that both Michelle Price and Jeremy Ryan interviewed Plaintiff.

8. Food City admits that Plaintiff told Price and Ryan during her interview that she was pregnant. Food City denies that Plaintiff told Price and/or Ryan during her interview that her pregnancy would likely be high risk and/or that her previous pregnancies were high risk.

9. Food City admits that Price and Ryan told Plaintiff during her interview that her pregnancy would not be an issue, or words to that effect. Food City denies that Plaintiff was asked during her interview to bring a doctor's note with her to orientation. Food City avers that

on June 27, 2024, Plaintiff was asked to bring a doctor's note with her to orientation after Plaintiff called Price that day and told her that her doctor gave her restrictions.

10. Admitted.

11. Food City admits that Plaintiff brought in a doctor's note on June 27, 2024. Food City states the document speaks for itself.

12. Admitted.

13. Food City admits that Price and Parrish spoke to each other. Food City denies the remaining allegations in Paragraph 13.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

V. **CAUSES OF ACTION**

    A. **COUNT 1 – Sex/Pregnancy Discrimination Termination**

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

B. **COUNT II – Violation of the Pregnant Workers Fairness Act by Failing to Reasonably Accommodate Plaintiff and Taking Adverse Employment Actions Against Plaintiff**

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

C. **COUNT III – Tennessee Pregnant Workers Fairness Act**

33. Food City admits that Plaintiff purports to bring a claim under the Tennessee Pregnant Workers Fairness Act. Food City denies that it discriminated against Plaintiff based on any protected characteristic. Food City denies that it has engaged in any conduct that would give rise to liability or necessitate a claim.

34. Food City lacks knowledge or information sufficient to form a belief as to whether Plaintiff required a reasonable accommodation as a result of her pregnancy, and therefore denies the allegations in Paragraph 34 of the Complaint.

35. Denied.

36. Denied.

37. Denied.

VI. **DAMAGES**

38. Denied.

39. Denied.

40. Denied.

## VII. PRAYER FOR RELIEF

41. Food City denies that Plaintiff is entitled to any relief prayed for in the Complaint, including all relief sought in sub-parts (1) through (4) of the ad damnum clause which begins, "WHEREFORE.".

42. All allegations not specifically admitted herein are denied.

43. Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matters, Food City submits the following defenses:

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to state the cause of action alleged against Food City.

### THIRD DEFENSE

Plaintiff's alleged damages were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated or tolerated by Food City.

### FOURTH DEFENSE

To the extent Plaintiff's claims encompass allegations beyond the scope of Plaintiff's charge of discrimination, they are barred in whole or in part by Plaintiff's failure to exhaust her administrative remedies.

## FIFTH DEFENSE

Plaintiff's claims fail, in whole or in part, because for time periods relevant to the Complaint, Plaintiff was not a qualified individual with a disability, or disabled under the federal Pregnant Workers Fairness Act or the Tennessee Pregnant Workers Fairness Act.

## SIXTH DEFENSE

Plaintiff was separated in good faith for legitimate, nondiscriminatory, and non-retaliatory business reasons unrelated to Plaintiff's alleged pregnancy and/or sex.

## SEVENTH DEFENSE

Any act or omission giving rise to Plaintiff's claim was made in good faith, and Food City had reasonable grounds to believe that any such act or omission was not a violation of the federal PWFA, Tennessee PWFA ,or Title VII.

## EIGHTH DEFENSE

Even if the actions concerning Plaintiff were entirely or partially influenced by some alleged unlawful motive, though they were not, Food City nonetheless would have taken the same employment action with respect to Plaintiff even in the absence of such alleged unlawful motive.

## NINTH DEFENSE

Food City asserts that Plaintiff's damages, if any, are limited to the extent that Plaintiff has been paid by collateral sources.

## TENTH DEFENSE

Plaintiff failed to mitigate any damages that she may have allegedly suffered as a result of the allegations contained in the Complaint.

## ELEVENTH DEFENSE

To the extent Plaintiff may have reasonably attempted to mitigate her damages, Food City is entitled to a set off and/or deduction in the amount(s) that Plaintiff did earn or could have earned through reasonable efforts.

## TWELFTH DEFENSE

Plaintiff's claim for relief must also be setoff and/or reduced by wages, commissions, compensation, pay and benefits, other earnings or remunerations, profits, and benefits, regardless of form, received by Plaintiff or which were earnable or receivable with the exercise of reasonable diligence by Plaintiff.

## THIRTEENTH DEFENSE

Assuming, *arguendo*, any unlawful acts occurred, though they did not, Food City is not liable for punitive damages, if any, because any unlawful employment decisions were contrary to its good faith efforts to comply with the law.

## FOURTEENTH DEFENSE

Plaintiff's claim for punitive damages is barred because Food City did not engage in any practice with malice or reckless indifference for Plaintiff's rights.

## FIFTEENTH DEFENSE

To the extent Plaintiff claims he suffered any symptoms of mental and/or emotional distress, injury, or any other non-pecuniary losses, they are the result of preexisting psychological disorders and/or alternative concurring causes, and not the result of any act or omission by Food City.

### SIXTEENTH DEFENSE

Plaintiff's damages are barred in whole or in part by the doctrines of after-acquired evidence and/or unclean hands.

### SEVENTEENTH DEFENSE

Food City is entitled to an award of attorney fees and costs incurred in defending this case should it prevail in this action.

### EIGHTEENTH DEFENSE

To the extent Plaintiff's claims are outside the applicable statutes of limitations, or other timeliness requirements, Plaintiff's claims are barred.

### NINETEENTH DEFENSE

Plaintiff voluntarily resigned her employment with Food City for reasons unrelated to Plaintiff's allegations in the Complaint.

### TWENTIETH DEFENSE

Plaintiff's claims are barred based on her failure to engage in the interactive process.

### TWENTY-FIRST DEFENSE

Food City asserts the affirmative defenses of the after-acquired evidence doctrine, res judicata, collateral estoppel, judicial estoppel, and waiver, as these defenses may be developed during the course of this litigation.

### RESERVATION OF RIGHTS

Food City reserves the right to modify and supplement its defenses and to plead additional defenses to Plaintiff's claims based upon such facts and circumstances as become known to it after the date hereof.

**WHEREFORE**, having fully answered the Complaint, Food City respectfully requests that the Complaint be dismissed with prejudice, that they be awarded their costs, including attorneys' fees, in the amount and manner permitted by applicable law, along with such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/*Howard B. Jackson*
Howard B. Jackson (BPR 021316)
Meredith A. Box (BPR 039019)
FORDHARRISON LLP
150 Third Avenue South, Suite 2010
Nashville, TN 37201
Telephone: 615-574-7913
Facsimile: 615-574-6701
hjackson@fordharrison.com
mbox@fordharrison.com

*Counsel for K-VA-T Food Stores, Inc..*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed via the Court's CM/ECF system to the below on this the 17th day of March, 2025:

Daniel Arciniegas
Arciniegas Law PLLC
256 Seaboard Lane, Suite E-105
Franklin, TN 37067
Email: daniel@attorneydaniel.com

Lachlan W. Smith
Wiggins, Childs, Pantazis, Fisher & Goldfarb LLC
The Kress Bui.lding
301 19th Street North
Birmingham, AL 35203
Email: wsmith@wigginschilds.com

Jon C. Goldfarb
Wiggins, Childs, Pantazis, Fisher & Goldfarb LLC
The Kress Building
301 19th Street, N.
Birmingham, AL 35203
Email: jcg@wigginschilds.com

Christina M. Malmat
Wiggins, Childs, Pantazis, Fisher & Goldfarb LLC
The Kress Bui.lding
301 19th Street North
Birmingham, AL 35203
Email: cmalmat@wigginschilds.com

*Counsel for Plaintiff*

*s/Howard B. Jackson*
Howard B. Jackson